November 30, 1908.

————o————

No. 4620.

Court of Appeal, Parish of Orleans.

F. D. CHARBONNET, JR., VS. THOMAS BURKE.

Where the mortgagor sells property against which a mortgage stands inscribed in the Mortgage Office, said mortgage being to secure a demand note drawn by him to his own order and by him indorsed, said note being more than five years old, and he deposits with his vendee a sum sufficient to cover said mortgage, the vendee obligating himself to return the same when the vendor has located the note and cancelled the mortgage;

Held, that the declaration to this effect in the act does not constitute a renunciation of prescription since the mortgagor could comply with the obligation assumed by him to cancel the mortgage only after locating the holder of the note, when he would then be in a position to take proceedings to establish the status of said note.

Appeal from Civil District Court, Division "C."

L. A. Ducros, for Plaintiff and Appellant.

Omer Villere, for Defendant and Appellee.

ESTOPINAL, J. On January 29th, 1900, by an act passed before a notary public, Thomas Burke (defendant) mortgaged a certain piece of property for $100.00, represented by a note drawn to his order and endorsed by him, payable on demand, bearing interest, etc.

On February 29, 1908, Burke sold the same property to the city of New Orleans for account of the Sewerage and Water Board.

The certificate from the Mortgage Office showing the inscription of the mortgage before mentioned, the following clause was written into the act of sale from Burke to the Sewerage and Water Board:

"The said Thomas Burke, vendor herein, hereby deposits with the Sewerage and Water Board of the City of New Orleans the sum of $200.00; said amount representing the aforesaid mortgage, interest and costs. The said Sewerage and Water Board obligated itself to pay the said amount held by it for account of said Thomas Burke, upon the above mentioned mortgage being canceled and erased in the Mortgage Office, and the said Thomas Burke binds himself, his heirs and assigns, to cancel the above mortgage as soon as he can locate the holder of the said note."

Plaintiff, holder of the note, sued to recover its face value with accrued interest and attorney's fees.

The defendant pleads the prescription of five years. This plea was sustained by the District Court and plaintiff appealed.

It is conceded that the note on its face is prescribed but it is contended by counsel for plaintiff that the effect of the clause inserted in the act conveying the property to the Sewerage and Water Board gave life to the obligation and amounts to a tacit renunciation of prescription.

After mature deliberation and a careful review of the authorities submitted for plaintiff, we are unable to adopt his construction of the documents.

As we view it, the insertion of the clause was made through an abundance of caution, and the circumstances of the trans-

—76—

action preclude the idea of a renunciation of prescription.

*Non constat* but that there had been an interruption of prescription and the Sewerage and Water Board in order to safeguard itself exacted of Burke this deposit until such time as the *mortgage was canceled.*

Nothing in the stipulation can be read and interpreted to mean that the *note* was to be paid by the Sewerage and Water Board.

It was necessary, before the mortgage could be canceled, that the mortgagor produce the note or locate the holder thereof in order that he might take proceedings contradictorily with or against such holder to show cause why the mortgage should not be canceled.

The action taken by Burke (defendant) under the circumstances of the case cannot be taken as a renunciation of prescription, for, in terms, the clause in the act appears to be simply an obligation assumed by him towards his vendee that as soon as practicable he would cancel the mortgage, and the vendee on its part obligated itself to return to him (Burke) the money deposited with it so soon as Burke carried out his part of the obligation.

It must be assumed that the status of the note was well known to both the vendor and vendee, but they were powerless to obtain the cancellation of the mortgage without producing the note and the plea of prescription interposed by Burke when the note came to light was correctly sustained by the lower Court.

The judgment appealed from is affirmed.

December 7, 1908.

Rehearing refused January 11, 1909.

Writ refused by Supreme Court February 18, 1909.